**INTERSTATE ELECTRIC, Inc., et al. v. FEDERAL POWER COMMISSION.**

No. 11590.

Circuit Court of Appeals. Ninth Circuit.

Nov. 24, 1947.

D. Elwood Caples, of Vancouver, Wash., John T. McCutcheon, of Tacoma, Wash., Donald Heisler, of Dalles, Or., Edward E. Henry, of Seattle, Wash., and Cameron Sherwood and Herman H. Hahner, both of Walla Walla, Wash., for petitioners.

Bradford Ross, General Counsel, and Howard E. Wahrenbrock, Asst. Gen. Counsel, both of Washington, D.C., (Louis W. McKernan, and A. R. Spalter, both of Washington, D.C., of counsel), for respondent.

Before MATHEWS, HEALY, and ORR, Circuit Judges.

PER CURIAM.

This proceeding was brought by petitioners to review an order of respondent, Federal Power Commission, authorizing the merger and consolidation of facilities of Northwestern Electric Company with those of Pacific Power & Light Company, issued upon an application of those companies pursuant to § 203 of the Federal Power Act, 16 U.S.C.A. § 824b. The respondent has moved to dismiss the petition for review on the ground that petitioners are not parties aggrieved by the order, as is required by § 313(b) of the Act, 16 U.S.C.A. § 825l(b).

The motion must be granted. While petitioners were permitted by orders of the Commission to intervene in the proceeding before that body, the order expressly stated in each instance that the admission of such intervenor "shall not be construed as recognition by the Commission that it might be aggrieved by any order or orders of the Commission entered in this proceeding." In the course of the hearing before the Commission the petitioners made no request for any finding, and no finding was made, that any of them had any interest which might be affected by any order the Commission might make. In the application for rehearing filed with the Commission no objection was interposed to the failure to make such a finding of interest. The Commission's findings include no facts from which it can be said, as a matter of law, that petitioners are aggrieved; and the omission of such find-

ings of fact is not here urged to be error. Nor does the petition for review allege any facts in support of its barren recital that petitioners are aggrieved persons or parties.

Motion to dismiss granted. All motions submitted to this court by the petitioners are denied.